**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DONITA STRANGE                              )
                                           )
      Plaintiff,                       )
                                           )          Case No. _____
v.                                         )
                                           )
WALMART, INC.                              )
                                           )
      Defendant.                      )

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Walmart, Inc. ("Walmart Stores, Inc." or "Walmart"), with full reservation of all defenses, objections, and exceptions, including but not limited to service, jurisdiction, venue, and statute of limitations, removes the above-captioned action from the District Court of Douglas County, Kansas to the United States District Court for the District of Kansas, at Kansas City, Kansas, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support, Walmart states the following:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.      Plaintiff filed a lawsuit against Defendant in the District Court of Douglas County, Kansas, on or about **October 10, 2019**.

2.      Walmart was served with process by process server on **October 24, 2019**.  Walmart has not yet answered the Plaintiff's State Court Petition.

3.      As required by 28 U.S.C. § 1446(a), and Local Rule 81.2, a copy of all records and proceedings from the District Court of Douglas County, Kansas are attached as Exhibit A.

4.      This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the District Court of Douglas County, Kansas, where Plaintiff's Petition is pending.  See 28 U.S.C. § 96.

4820-2994-6540.1

5.     Without waiving objections to service, this Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of service.

6.     In accordance with 28 U.S.C. § 1446(d), Walmart is filing a written notice of this removal with the Clerk of District Court of Douglas County, Kansas, where Plaintiff's Petition is pending.  A copy of this Notice of Removal and the written notice of the same are also being served upon Plaintiff.

## II. DIVERSITY JURSIDICTION EXISTS

7.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, is likely to exceed the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Defendant.  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Parties are Completely Diverse

8.     Plaintiff states in her Petition that she has been at all relevant times, a resident of Kansas.  (See Ex. A, ¶ 1.)  Accordingly, Plaintiff is a citizen of Kansas.

9.     Defendant Walmart, is, and was at the time Plaintiff's Petition was filed and the case removed to this Court, a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Arkansas.  Accordingly, Defendant Walmart is a citizen of Delaware and Arkansas for the purposes of determining this Court's subject matter jurisdiction.  See 28 U.S.C. § 1332(c).

### B. The Amount in Controversy Requirement is Satisfied

10.     The amount in controversy regarding Plaintiff's claims for damages is likely to exceed $75,000.  In her Petition/Complaint, Plaintiff asserts four counts: (1) False Arrest, (2) Negligence, (3) Outrageous Conduct, and (4) Negligent Infliction of Mental Distress.  These

counts are predicated on the alleged reporting by Walmart associates to law enforcement of a potential crime, which resulted in Plaintiff's temporary detention by law enforcement.  Plaintiff alleges that such detention by law enforcement caused her, among other things, to "suffer extreme and severe emotional distress. Plaintiff's Petition further suggest that the alleged conduct of Walmart was willful, wanton, fraudulent, malicious and outrageous.  (See Ex. A; Petition, at ¶¶ 15, 16, 20, 21, 28, 29, 34, and 35).

11.    Based on the allegations asserted by Plaintiff, Walmart believes in good faith that the amount in controversy exceeds $75,000.00.  Kansas law requires plaintiffs to plead a specific sum of damages. See K.S.A. 60-208(a)(2).  Nonetheless, Plaintiff's Petition fails to assert any amount.  Still, Kansas law also recognizes that a final judgment, other than a default judgment, "should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." K.S.A. 60-254(c). Moreover, Plaintiff seeks punitive or exemplary damages against Defendant.  Under Kansas law, Plaintiff could be awarded punitive damages.  Therefore, Walmart satisfies its burden to prove, if it shows by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, even though an amount of damages is not specified in Plaintiff's petition.  *See McPhail v. Deere & Co.,* 529 F.3d 947, 954 (10th Cir. 2008). The Tenth Circuit has held that "[a] complaint that presents a combination of facts and theories of recovery that may support a claim **in** excess of **$75,000** can support removal.  *Id.* at 956. Furthermore, "[t]he preponderance of the evidence standard must be applied to all damages counted toward the total amount in controversy, including punitive damages. As a general matter, "[p]unitive damages may be considered in determining the requisite jurisdictional amount." Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1218 (10th Cir.2003). In other words, the amount in controversy is the amount that Plaintiff is likely to or will seek from a jury in this matter.  Although

3

Walmart denies liability, Walmart believes that Plaintiff will seek from a jury an amount greater than $75,000.00.

12.    Accordingly, based on a preponderance of the evidence, more than $75,000.00 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met.

WHEREFORE, Defendant respectfully removes this action from the District Court of Douglas County, Kansas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Should any question arise as to the propriety of this removal, Walmart respectfully requests an opportunity to provide briefing and oral argument.

Respectfully submitted by:

**KUTAK ROCK LLP**

*By: /s/ Marcos A. Barbosa*
Marcos A. Barbosa        KS# 22015
2300 Main Street, Suite 800
Kansas City, MO  64108
Phone: (816) 960-0090
E-mail: Marcos.Barbosa@KutakRock.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on this 12th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the Court's e-filing system.  A copy was sent via U.S. mail to:

John Kurtz, Esq.
HUBBARD & KURTZ, LLP
1718 Walnut
Kansas City, MO 64108
jkurtz@MoKanLaw.com
ATTORNEY FOR PLAINTIFF

*/s/ Marcos A. Barbosa*

4