ELECTRONICALLY FILED
2019 Oct 10 PM 12:09
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000338

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | |
|---|---|
| **DONITA STRANGE** ) | |
| 1501 George Williams Way ) | |
| Apt. D-3 ) | |
| Lawrence, Kansas  66047 ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | **Case No.** |
| ) | |
| **WALMART INC.** ) | |
| [SERVE:  The Corporation Company, Inc. ) | |
| 112 S.W. 7th Street, Suite 3C ) | |
| Topeka, Kansas  66603] ) | |
| ) | |
| **Defendant** ) | |

## PETITION FOR DAMAGES

**COMES NOW** plaintiff by counsel, and states the following as and for her

cause of action against defendant herein.

## ALLEGATIONS COMMON TO ALL COUNTS

1.     Plaintiff is citizen and resident of Douglas County, Kansas, residing

at the address shown hereinabove.

2.     Defendant Walmart Inc. is a Delaware corporation doing business

as the Walmart Supercenter at 550 Congressional Drive in Lawrence, Douglas

County, Kansas 66049.

4.     All of the actions described herein took place in Douglas County,

Kansas.

EXHIBIT

A

5.     All of the actions and omissions described herein took place by the actions and omissions of agents, servants, and employees of defendant, all acting within the course and scope of their employment with defendant.

6.     On or about April 24, 2019, defendant had a store known as Lawrence Supercenter located at 550 Congressional Drive, Lawrence, Douglas County, Kansas 66049.   This store sold a variety of items to customers, and customers were welcome to come to the store for the purpose of purchasing goods.

7.     On said date, plaintiff went to the Lawrence Supercenter for the purpose of purchasing mouthwash.   Plaintiff approached the clearance aisle and decided to also purchase eight jackets and two outfits along with the five bottles of mouthwash.   Plaintiff went through the self-checkout line to pay for the items.

8.     Defendant made a report to law enforcement authorities regarding a claim that plaintiff had stolen from defendant.   This  call led to plaintiff's being detained and/or restrained against her will.

9.     Thereafter, based upon said report made by defendant's employee[s], plaintiff was detained and/or restrained against her will by law enforcement authorities.   Specifically, she was subjected to the detention/restraint of her personal freedom without legal excuse by words and acts that under the circumstances she feared to disregard.

10.     This all took place despite the fact the plaintiff had done nothing wrong.

11.     Plaintiff was driving out of the Lawrence Supercenter parking lot and drove approximately two blocks when she noticed a police car behind her. The lights on the police vehicle were flashing.   Officer Keith M.'s later report stated the following:

```
18:15:04 04/24/2019 - Keith M
Saw the vehicle leaving Walmart. I saw it had a single occupant and the tag
matched the information Walmart advised. Stopped her and advised her to pull
into Pioneer Ridge. I explained the reason for the stop. After investigation it
was determined that there was no crime committed. My video was recording but my
mic pack was not on.
```

12.     Police officer D. Sloan wrote the following regarding his further investigation of this incident after receiving the 911 call from the store clerk:

```
HAD TO PUT THE LINE ON HOLD FOR ANOTHER 911
17:55:38 04/24/2019 - Applegarth S
RP IS GOING TO WATCH THE SUSP TO SEE WHERE SHE GOES
17:59:17 04/24/2019 - Applegarth S
RP IS W/ AP, WILL BE INSIDE THE STORE
18:11:34 04/24/2019 - Sloan D
spoke with rp and reviewed video, suspect never took any items and it was a
mistake on partof rp, r/o informed officers who had suspect detained
18:15:04 04/24/2019 - Keith M
```

## COUNT I---False Arrest

13.     Defendant intentionally instigated and/or assisted and/or by some means directed and/or encouraged the detention/restraint of plaintiff against her will by means of words and acts.

14.     The aforementioned detention/restraint of plaintiff's personal freedom was without legal excuse and was something that plaintiff feared to disregard.

15.    As a direct and proximate result thereof, plaintiff suffered deprivation of her freedom, mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment, and insult.

16.    Because the actions and omissions of defendant were undertaken in a willful and/or wanton and/or fraudulent and/or malicious manner toward plaintiff, plaintiff is furthermore entitled to an award of punitive damages.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant in such amounts as are fair and reasonable for her actual damages and exemplary damages and also for her costs incurred herein.

## COUNT II---Negligence

17.    Plaintiff incorporates into this count all of the foregoing allegations as though they had been set forth individually herein.

18.    Defendant through its agents, servants, and employees provided false, incomplete or misleading information, and the illegal detention/restraint resulted such that it may be reasonably inferred that the defendant instigated and/or assisted and/or by some means directed and/or encouraged the detention/restraint of plaintiff against her will.

19.    The aforementioned actions and omissions of defendant acting through its agents, servants, and employees were negligent through the lack of reasonable care in failing to act as a reasonable person would act and/or acting as a reasonable person would not do.

20.     As a direct and proximate result thereof, plaintiff suffered deprivation of her freedom, mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment, and insult.

21.     Because the actions and omissions of defendant were undertaken in a willful and/or wanton and/or fraudulent and/or malicious manner toward plaintiff, plaintiff is furthermore entitled to an award of punitive damages.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant in such amounts as are fair and reasonable for her actual damages and exemplary damages and also for her costs incurred herein.

## COUNT III---Outrageous Conduct

[The Tort of Outrage]

22.     Plaintiff incorporates into this count all of the foregoing allegations as though they had been set forth individually herein.

23.     Defendant intentionally or in reckless disregard of the plaintiff and her rights.

24.     Defendant intentionally or recklessly caused severe emotional distress to plaintiff by the actions described herein, specifically by extreme and outrageous conduct.

25.     Defendant's conduct was intentional or in reckless disregard of plaintiff and her rights.

26.     Such actions constitute extreme and outrageous conduct.

27.     Such actions were taken under circumstances of malice, willfulness, wantonness, insult and/or inhumanity.

28.     Defendant's actions and omissions directly caused or contributed to cause plaintiff to suffer extreme and severe emotional distress, all to her actual damage.

29.     Because the actions and omissions of defendant were wanton and/or willful and/or outrageous, plaintiff is further entitled to an award of exemplary damages.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant in such amounts as are fair and reasonable for her actual damages and exemplary damages and also for her costs incurred herein.

## **COUNT IV---Negligent Infliction of Mental Distress**

30.     Plaintiff incorporates into this count all of the foregoing allegations as though they had been set forth individually herein.

31.     Defendant negligently caused extreme and severe emotional distress to plaintiff by the actions and omissions described herein and furthermore did so in circumstances where defendant's conduct was willful and/or wanton.

32.     Defendant, acting through its agents, servants, and/or employees, knew that its actions were dangerous and either was completely indifferent to the danger or recklessly disregarded the danger.

33.     Defendant should have realized that this conduct involved an unreasonable risk of causing the distress.

34.     Defendant's actions and omissions directly caused or directly contributed to cause plaintiff to suffer extreme and severe emotional distress, all to her actual damage.   Furthermore, those actions and omissions directly caused or directly contributed to cause all of the damages set our hereinabove.

35.     Because the actions and omissions of defendant were wanton and/or willful and/or outrageous, plaintiff is further entitled to an award of exemplary damages.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant in such amounts as are fair and reasonable for her actual damages and exemplary damages and also for her costs incurred herein.

HUBBARD  &  KURTZ, L.L.P.

BY   /s/   John Kurtz
  JOHN KURTZ #18506

1718 Walnut
Kansas City, Missouri 64108
(816) 467-1776
(816) 472-5464 (fax)
jkurtz@MoKanLaw.com

ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
2019 Oct 10 PM 12:09
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000338

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | |
|---|---|
| **DONITA STRANGE** ) | |
| 1501 George Williams Way ) | |
| Apt. D-3 ) | |
| Lawrence, Kansas  66047 ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | **Case No.** |
| ) | |
| **WALMART INC.** ) | |
| [SERVE:  The Corporation Company, Inc. ) | |
| 112 S.W. 7th Street, Suite 3C ) | |
| Topeka, Kansas  66603] ) | |
| ) | |
| **Defendant** ) | |

## CERTIFICATE OF FILING OF DISCOVERY

I hereby certify that the following discovery, along with a copy of this document were filed with this lawsuit so as to be served therewith upon defendant:

    (1)    Plaintiff's Opening Interrogatories to Defendant.

    (2)    Plaintiff's First Request for Production of Documents to Defendant.

HUBBARD  &  KURTZ, L.L.P.

BY__/s/   John Kurtz_____
      JOHN KURTZ        #18506

1718 Walnut
Kansas City, Missouri 64108
(816) 467-1776
(816) 472-5464 (fax)
jkurtz@MoKanLaw.com

ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
2019 Oct 10 PM 12:09
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000338

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | |
|---|---|
| **DONITA STRANGE** ) | |
| 1501 George Williams Way ) | |
| Apt. D-3 ) | |
| Lawrence, Kansas  66047 ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | **Case No.** |
| ) | |
| **WALMART INC.** ) | |
| [SERVE:  The Corporation Company, Inc. ) | |
| 112 S.W. 7th Street, Suite 3C ) | |
| Topeka, Kansas  66603] ) | |
| ) | |
| **Defendant** ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT

**COMES NOW** plaintiff, by and through the undersigned attorneys, and

requests that defendant produce the following documents and things at the

offices of plaintiff's attorneys in the manner and within the time limits provided

by the Kansas Rules of Civil Procedure.

"Document" as used herein means any written, printed, typed or other

graphic matter of any kind or nature, any form of collated data for use with

electronic date processing equipment, any mechanical or electrical sound

recording or tape recording, and a photograph of pictorial reproduction

(including, in each case, all copies and reproductions by whatever means

made) in the possession, custody or control of defendant or known by

defendant to exist.

**Documents Mentioning Occurrence**

1.      Each unprivileged document which mentions the alleged occurrence.

2.      All documents which mention plaintiff's name.

3.      All documents made in connection with, related to, or about the incidents alleged in plaintiff's petition.

**Statements**

4.      All documents containing statements or accounts of statements made by plaintiff.

**Depictions**

5.      All photographs, videotapes, or other pictorial representations of (a) the incident described in the pending Petition or (b) plaintiff.

6.      All audiotapes made (a) of the incident described in the pending Petition or (b) plaintiff.

**Insurance**

7.      A copy of any insurance agreements and declaration pages under which any insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.   This request embraces all policies of insurance, including primary, excess or umbrella coverage, and any and all policies of insurance in which the defendant is named as a coinsured or also-insured.

**Other Documents**

8.     Any and all reports concerning any and all past or present claims asserted by plaintiff or persons of similar names or addresses in the possession or control of defendant, along with any and all amendments or supplements thereto, including without limitation any and all reports obtained from Central Index Bureau, the Cleveland Index, and any other similar organization which maintained records concerning claims asserted by individuals.

9.     Any other documentation or physical evidence of any nature which defendant at any time contends is relevant to any of the issues involved in plaintiff's claim in this matter, including without limitation the credibility of plaintiff and any and all persons named by plaintiff in any discovery in this matter.

10.     All documents or other items or things obtained or reviewed by defendant relevant in any way to this suit, whether obtained pursuant to subpoena or by the consent of any other person.

11.     All physical or documentary evidence relevant to this suit, including without limitation any and all photographs, videotapes, and any other tangible recordings (including recordings utilizing film, digital, manual, chemical, electrical, electromagnetic, and any other reproducible means) involving, concerning, or depicting (a) plaintiff or any person who treated, examined, tested, or otherwise rendered assistance to plaintiff, (b) the scene of any alleged incident, or (c) any other item or thing in any way relevant to this claim.

**Policies and Procedures**

12.    All documents that are policy, procedure, or instruction manuals, memoranda, orders, directives, regulations, handouts, or other writings or documents issued by defendant or used by defendant relevant to the training of personnel or the instruction of personnel for the (a) risk management and/or (b) theft prevention/detection/reporting.

**Other Complaints & Lawsuits**

13.    All investigative reports, records, documents, papers, ledgers, logs, or other writings which mention in any way complaints and/or lawsuits against defendant Walmart Inc. and/or its employees or contractors regarding the investigation, handling and treatment of people.   This request is limited to Lawrence, Kansas and to the time period from January 1, 2010 to present.

HUBBARD & KURTZ, L.L.P.

BY____/s/   John Kurtz_____
      JOHN KURTZ      #18506

1718 Walnut
Kansas City, Missouri 64108
(816) 467-1776
(816) 472-5464 (Fax)
jkurtz@MoKanLaw.com

ATTORNEYS FOR PLAINTIFF

4

ELECTRONICALLY FILED
2019 Oct 10 PM 12:09
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000338

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | |
|---|---|
| **DONITA STRANGE** ) | |
| 1501 George Williams Way ) | |
| Apt. D-3 ) | |
| Lawrence, Kansas  66047 ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | **Case No.** |
| ) | |
| **WALMART INC.** ) | |
| [SERVE:  The Corporation Company, Inc. ) | |
| 112 S.W. 7th Street, Suite 3C ) | |
| Topeka, Kansas  66603] ) | |
| ) | |
| **Defendant** ) | |

## PLAINTIFF'S OPENING INTERROGATORIES TO DEFENDANT

**COMES NOW** plaintiff, and submits the following interrogatories to be answered in accordance with the Kansas Rules of Civil Procedure.

## NAME

1.      As to the person answering these interrogatories, please state the following:

Name_____

Date of Birth_____

Residence or Business Address _____

## AGENCY

2.      Was defendant at the time of the occurrence(s) forming the basis of this suit performing any job, task or undertaking for any person, firm or corporation?  Yes (   )  No (   )  If your answer is "Yes", please state:

(a)     The name and address of the person, firm or corporation for whom he/she was performing some job, task, or undertaking:

(b)     The nature of the job, task or undertaking he/she was performing for such person, firm or corporation:

(c)     Whether or not he/she was at such time employed by or on the payroll of such person, firm or corporation:   Yes ( )    No ( )

(d)     Whether or not he/she was receiving any compensation from such other person, firm or corporation for the performance of the said job, task or undertaking:   Yes ( )    No ( )

**ANSWER:**

**STATEMENTS**

3.     Attach a copy of any recital or statement that you have from plaintiff, whether it be in writing, reduced to writing, stenotype, recorded or otherwise.

Do you have a statement?      Yes ( )   No ( )

Attached:            Yes ( )   No ( )

4.     State what, if anything, was known to be said by plaintiff during and/or about the occurrence mentioned in plaintiff's Petition concerning how the occurrence happened and what injuries or damages plaintiff suffered:

**ANSWER**

**WITNESSES**

5.     State the names and present or last known addresses and employment of all persons known to you or reported to you, your agents, attorneys, or others acting on your behalf:

(a)     To have been present at and/or witnessed the occurrence mentioned in the pleadings:

(b)     To have been present at the scene of the occurrence within thirty (30) minutes thereafter:

(c)     To have knowledge of the facts and circumstances surrounding the allegations set out in the Petition for Damages.

(d)     If any of the above witnesses are an acquaintance or relative of defendant, please indicate.

**ANSWER:**

## **INSURANCE**

6.     Does defendant have any insurance agreements (specifically including any excess insurance agreements or umbrella insurance agreements) which will indemnify, in whole, or in part, against any judgment plaintiff may obtain in this case?  Yes (   )  No (   )  If your answer is "Yes", please state:

       (a)     The name and address of the company or companies issuing such insurance agreements:

       (b)     The policy number:_____

       (c)     The limits of Personal Injury, Property Damage and Medical Payments Coverage on the date of the occurrence mentioned in plaintiff's Petition.

       (d)     Please attach copies of the insurance policy itself as well as any riders and the Declaration Page and Certificate of Coverage for such policy of insurance to your answer to these interrogatories.

## **ANSWER:**

## EXPERT WITNESSES

7.      Please state the name, address, telephone number, occupation, place of employment, qualifications to give an opinion (or curriculum vitae) of any person you intend to call as an expert witness at trial and the general nature of the subject matter on which the expert is expected to testify.   Also, please state the expert's hourly deposition fee.

**ANSWER:**

8.      For each non-retained expert, including any party, whom you expect to call as a witness at trial and who may provide expert witness opinion testimony, provide his or her name, address and field of expertise.

**ANSWER:**

## **DEFENDANT'S SWORN SIGNATURE**

STATE OF _____)
                                                         ) ss.
COUNTY OF_____)


      The below named person, being duly sworn on oath, states that he/she read the foregoing interrogatories and that the answers given are true to the best of affiant's knowledge and belief.


                                    _____
                                      Signature of Person signing on
                                      behalf of DEFENDANT

                                      Printed name of Person:

                                      _____

                                      Person's Job Title:

                                      _____


      The foregoing answers to interrogatories were subscribed and sworn to before me this _____day of _____, 2019.


                                      _____
                                           Notary Public

My Commission Expires:

HUBBARD & KURTZ, L.L.P.


BY __/s/   John Kurtz_____
      JOHN KURTZ     #18506

1718 Walnut
Kansas City, Missouri 64108
(816) 467-1776
(816) 472-5464 (Fax)
jkurtz@MoKanLaw.com

ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
2019 Oct 17 AM 9:15
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000338

Donita Strange

vs.

Walmart Inc.

**SUMMONS**

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

> **Walmart Inc.**
>
> **The Corporation Company, Inc., 112 S.W. 7th Street, Suite 3C**
>
> **Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> John Wray Kurtz
>
> 1718 Walnut Street
>
> Kansas City, MO 64108

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 10/17/2019 09:16:28 AM

**Documents to be served with the Summons:**

DCC - Chapter 60 Non Domestic - PLE: PETITION for Case #2019CV000338 FSDate 10/10/2019, DCC - Chapter 60 Non Domestic - DIS: DISCOVERY (GENERIC) for Case #2019CV000338 FSDate 10/10/2019

**ELECTRONICALLY FILED**
2019 Nov 01 PM 3:48
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000338

Case # DG19CV338

Service Type: Personal Service    Shawnee _____ County
Service On: _____

Donita Strange
vs

Walmart Inc

SERVE REGISTERED AGENT:
THE CORPORATION COMPANY INC
112 SW 7TH ST STE 3C
TOPEKA KS 66603

RETURN ON SERVICE OF *Summons/Petition*

I hereby certify that I have served this _____ :

(1) **Personal Service**. By delivering a copy of such document to the above named party on the date indicated: _____ .
                                                                                                        (Date)

(2) **Residence Service**. By leaving a copy of such document at the usual place of residence of the above named party with a person of suitable age and discretion residing therein on the date indicated: _____  _____ .
                                                                                                        (Name)                                    (Date)

(3) **Agent Service**. By delivering a copy of such document to the following agent authorized by appointment service of process on the date indicated: *Denise Rookstool* _____ .
                                                                 (Agent Name)                              (Date)

(4) **Residence Service and Mailing**. By leaving a copy of such document at the usual place of residence of the mailing by first-class mail on the date indicated: _____ .
                                                                                                        (Date)

(5) **Service by Return Receipt Delivery**. By causing to be delivered on_____, a copy of such docu delivery to the above named party at the above address with such delivery made by the following person or ent _____ attached hereto is a copy of the return receipt evidencing
                                (Name)

(6) **Return Receipt Refused**. By mailing a copy of such document by first-class mail, postage prepaid, addr named party at the above address on the date indicated: _____ .
                                                                                              (Date)

(7) **Facsimile**: By faxing a copy of such document to the above named party on the date indicated:
_____ at ____:____ ____.M.        (____) ____-____        (____) ____-____
(Date)         (Time)                     (Number of transmitting machine)      (Number of receiving m

(8) **Avoidance of Service**. After diligent effort, I am satisfied that the above named party is secreting themsel process of the Court

(9) **No Service**. The following above named party was not served.

Pursuant to K.S.A. 53-601, as amended, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: *10-24-19* (date) *9:23AM* (time)

*Wayne Beaman 1155*
_____
Signature & Title of Officer or Process Server

Attorney Name:        _____
Attorney Address:      _____

**RETURN TO:**
**Clerk of the District Court**

Attorney File Number:  _____

SP
DG19CV000338

THE CORPORATION COMPANY, INC
WALMART, INC
112 SW 7TH ST STE 3C
TOPEKA, KS 66603
503882130010/21/19      11/21/19

**ELECTRONICALLY FILED**
2019 Oct 17 AM 9:15
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000338

Donita Strange

vs.

Walmart Inc.

## SUMMONS

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Walmart Inc.**

**The Corporation Company, Inc., 112 S.W. 7th Street, Suite 3C**

**Topeka, KS 66603**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

John Wray Kurtz
1718 Walnut Street
Kansas City, MO 64108

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed  on 10/17/2019 09:16:28 AM

**Documents to be served with the Summons:**
DCC - Chapter 60 Non Domestic - PLE: PETITION for Case #2019CV000338 FSDate 10/10/2019, DCC - Chapter 60 Non Domestic - DIS: DISCOVERY (GENERIC) for Case #2019CV000338 FSDate 10/10/2019

ELECTRONICALLY FILED
2019 Nov 12 PM 3:05
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000338

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
## CIVIL DIVISION

|  |  |  |
|---|---|---|
| DONITA STRANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2019-CV-000338 |
| v. | ) | |
| | ) | |
| WALMART INC. | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY OF APPEARANCE

COMES NOW, Marcos A. Barbosa of the law firm of Kutak Rock LLP and enters his

appearance as counsel for Defendant Walmart Inc.

Respectfully submitted by:

**KUTAK ROCK LLP**

By: */s/ Marcos A. Barbosa*
Marcos A. Barbosa    KS # 22015
2300 Main Street, Suite 800
Kansas City, MO  64108
Phone: (816) 960-0090
E-mail:  Marcos.Barbosa@KutakRock.com
***ATTORNEY FOR DEFENDANT***

1

4812-4375-0316.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the Court's e-filing system which will notify via electronical mail all counsel of record:

John Kurtz
HUBBARD & KURTZ, L.L.P.
1718 Walnut
Kansas City, MO 64108
Phone: (816) 467-1776
E-mail: jkurtz@mokanlaw.com
***ATTORNEY FOR PLAINTIFF***

*/s/ Marcos A. Barbosa*

4812-4375-0316.1